IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

      Plaintiff,      Case No. 3:12 CR 445 (07)

  v.

              MEMORANDUM OPINION AND
              ORDER

Francisco Rodriguez,

      Defendant.

## INTRODUCTION

Before me is Defendant Francisco Rodriguez's motion for leave to file a supplemental memorandum to reconsider this Court's prior Order denying his motion to suppress. (Doc. No. 618). Mr. Rodriguez seeks reconsideration of the prior Order "to present additional legal precedent and argument" in support of his argument that "the Affidavit in support of the search warrant is defective and inadequate under the Fourth Amendment." (Doc. No. 622 at 2). Because Mr. Rodriguez presents his motion as one for reconsideration, I will construe it as such. For the reasons that follow, Mr. Rodriguez's motion is denied.

## DISCUSSION

The Federal Rules of Criminal Procedure make no provision for a motion to reconsider, *United States v. Hopewell*, No. 08-cr-065, 2009 WL 1026452, at *1, at 2 (S.D. Ohio April 15, 2009), so "courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Jarnigan*, No. 3:08-CR-7, 2008 WL 5248172, at *1 (E.D. Tenn. Dec. 17, 2008). The standard to amend or alter such an order is relatively high, and a court may do so only if

there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Fed. R. Civ. P. 59(e); *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2009) (internal quotations omitted).

Rule 59(e) is not intended to be used to "relitigate issues previously considered" or to "submit evidence which in the exercise of reasonable diligence, could have been submitted before." *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997). A motion for reconsideration "is not a second chance for the losing party to make its strongest case or dress up arguments that previously failed." *United States v. Titterington*, No. CR. 2-20165, 2003 WL 23924932, at * 1 (W.D. Tenn. May 22, 2003) (internal quotation omitted). When a movant offers essentially the same arguments presented in the original motion, the proper vehicle for relief is an appeal. *Keweenaw Bay Indian Cmty v. State of Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), *aff'd* 11 F.3d 1341 (6th Cir. 1993). "Thus, there are limited circumstances in which a court may grant a motion for reconsideration." *Titterington*, 2003 WL 23924932 at *1; *see also White v. N.H. Dept. of Employment Sec.*, 455 U.S. 445, 450 (1982) (the aim of Rule 59(e) is to empower district courts "to rectify [their] own mistakes in the period immediately following the entry of judgment.").

I already contemplated Mr. Rodriguez's argument concerning lack of probable cause in my prior Order and determined the search warrant was valid. (Doc. No. 392). Mr. Rodriguez does not argue my ruling was clearly erroneous, or that there was an intervening change in controlling law. *McCreary Cnty.*, 607 F.3d at 450. Moreover, Mr. Rodriguez neither presents newly discovered evidence nor argues manifest injustice. *Id.* Thus, Mr. Rodriguez has failed to establish any of the factors required for reconsideration. *Id.* Instead, Mr. Rodriguez merely seeks to "to present additional legal precedent and argument." (Doc. No. 622 at 2). Dispositive here, Rule 59(e) was not intended to allow Mr. Rodriguez another bite at the apple to present alternative or supplemental arguments, which is precisely what he asks for here. *Helton*, 964 F. Supp. at 1182.

Similarly, the Sixth Circuit has cautioned that "courts should be extremely reluctant to grant re-opening." *United States v. Carter*, 374 F.3d 399, 405 (6th Cir. 2005), *judgment vacated and remanded on unrelated grounds*, 543 U.S. 1111 (2005) ("[a] ruling on whether to reopen a suppression hearing is governed by the principles of jurisprudence that relate to reopening proceedings, generally."). "Generally, absent any new evidence or evidence that was unobtainable before the original suppression hearing, or any new issues that became relevant since the initial hearing, the reopening of a suppression hearing is unwarranted." *United States v. Stokely*, 733 F. Supp. 2d 868, 870 (E.D. Tenn. 2010).

Mr. Rodriguez admits his motion does "not directly address[]" ineffective assistance of counsel. (Doc. No. 622 at 2). Indeed, it is not until his reply brief that he claims ineffective assistance, and therein implies he had properly raised the issue in his initial motion by stating "Counsel neglected and failed to raise specific claims." (See Doc. 622 at 2-3). Claims are not properly first raised in a reply brief. *United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 1993). Nevertheless, I will overlook the lateness of his raising the issue.

Mr. Rodriguez cites *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986) and argues that a counsel's "failure to litigate a Fourth Amendment claim competently" is recognized as a basis for ineffective assistance if the claim is meritorious. *Kimmelman*, however, contemplated ineffective assistance in the context of an application for a writ of habeas corpus, not as grounds for reconsideration "to present additional legal precedent and argument." (*See* Doc. No. 622 at 2). And while "trial counsel's poor performance could in some circumstances satisfy" a party's threshold showing to re-open a suppression hearing, Mr. Rodriguez maintains that is not what he is attempting to accomplish here. (Doc. No. 622 at 2) ("In this case there is no attempt to 'reopen' or present any additional proofs."). Instead, Mr. Rodriguez "seeks leave [for reconsideration] only to present additional legal precedent and argument." (Doc. No. 622 at 2). Accordingly, he has not met the

3

threshold for reconsideration, and his motion for leave to file a supplemental memorandum is denied.

## CONCLUSION

For the reasons stated above, Defendant's motion for reconsideration is denied (Doc. No. 618). A telephone scheduling conference is set for July 23, 2015 at 1:30pm. The Court will initiate the phone call.

So Ordered.

                                                  s/ *Jeffrey J. Helmick*
                                            United States District Judge