UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Francisco Rodriguez,                          Case No. 3:12-cr-445

         Petitioner–Defendant,

v.                                          MEMORANDUM OPINION
                                                    AND ORDER

United States of America,

         Respondent–Plaintiff.

## I.     INTRODUCTION

Petitioner Francisco Rodriguez has filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 803). The government opposed Rodriguez's motion, (Doc. No. 805), and Rodriguez filed a brief in reply. (Doc. No. 811). For the reasons stated below, I deny Rodriguez's motion.

## II.     BACKGROUND

In September 2012, Rodriguez and 27 codefendants were indicted as part of a large-scale drug trafficking conspiracy which dated back to 2002. Rodriguez initially was presented by three attorneys – Joseph Patituce, Megan Patituce, and Jennifer Scott. Rodriguez then retained Carlos Garcia in April 2013; Scott withdrew as counsel later that month after leaving the Patituce firm. (Doc. No. 256).

In August 2013, Rodriguez filed a motion to suppress evidence obtained pursuant to two search warrants obtained by a Drug Enforcement Agency task force agent, one in 2009 and the

second in 2011. (Doc. No. 361). After I denied the motion to suppress, (Doc. No. 392), Rodriguez added another attorney, Spiros Cocoves. Rodriguez, appearing in court with Garcia and Cocoves, entered a conditional guilty plea under Rule 11(a)(2), reserving his right to appeal my order denying his motion to suppress. (*See* Doc. No. 420).

In December 2013, Rodriguez filed a motion for bond pending his sentencing date and, January 2014, a motion to continue his sentencing hearing. Rodriguez then obtained new counsel, Sanford Plotkin, and discharged Garcia, Joseph Patituce, and Megan Patituce. While I granted his motion to continue, I denied his motion for bond, due to his inability to rebut the presumption favoring detention following a finding of guilt and writings previously discovered in Rodriguez's jail cell which included "death wishes, insults and arguably threats towards one of the investigative agents." (Doc. No. 545 at 8).

Attorney Plotkin filed a motion for leave to file a motion for reconsideration of my order denying Rodriguez's suppression motion. (Doc. No. 618). I denied the motion for leave, concluding Rodriguez failed to show my earlier ruling was clearly erroneous, that there was an intervening change in the controlling law, that new evidence had been discovered, or that refusing to grant leave would result in manifest injustice. (Doc. No. 709).

A few months later, Plotkin filed a motion to withdraw as counsel, citing a complete breakdown in the attorney-client relationship. (Doc. No. 723). I granted that motion, as well as the subsequent motion of attorney Florencio Lopez to appear on Rodriguez's behalf. Cocoves remained as counsel of record.

In February 2016, following several additional continuances, I sentenced Rodriguez to 132 months in custody, to be followed by a 5-year supervised release term. (Doc. No. 737). He filed a timely notice of appeal, though Lopez subsequently moved to withdraw as counsel, citing a breakdown in the attorney-client relationship. (Doc. No. 745). Rodriguez later filed a motion to

proceed with his appeal in forma pauperis and for the appointment of counsel. The Sixth Circuit appointed Mark J. Wettle to represent Rodriguez.

On appeal, Rodriguez argued "the search-warrant affidavits were fatally deficient because there was an insufficient nexus between evidence of drug trafficking and Rodriguez's residence, and because the information in the affidavits was stale." *United States v. Rodriguez*, 716 F. App'x 387, 388 (6th Cir. 2017). The Sixth Circuit rejected Rodriguez's insufficient-nexus argument, concluding "[co-defendant Moises] Razo's boasts about having a supplier with significant amounts of cocaine, coupled with Razo's consistent presence at Rodriguez's residence directly before and after numerous cocaine sales, provided the nexus to establish a 'fair probability' that evidence pertaining to the drug trafficking would be found at Rodriguez's home." *Id.* at 389. The court of appeals also rejected Rodriguez's staleness argument, noting that, even if some information in the affidavits was outdated, the affidavits as a whole "describe[d] a pattern of recent drug-trafficking activity, suggesting that Rodriguez's home was used as a distribution point." *Id.* at 390.

Rodriguez then timely filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. No. 803).

### III. ANALYSIS

Section 2255 permits a defendant to challenge the sentence he received through a claim that the defendant's sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Defendants challenging their sentence under § 2255 must identify a constitutional error, "a fundamental defect which inherently results in a complete miscarriage of justice, . . . an omission inconsistent with the rudimentary demands of fair procedure[, or] exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (citations and internal quotation marks omitted).

Rodriguez claims his attorneys were ineffective because they failed to properly litigate challenges to the search warrant affidavits, misled him about his potential sentence in order to charge him more in attorney fees, mistakenly advised him to enter a conditional guilty plea, failed to object to the 12-month upward variance, and failed to object to alleged speedy trial violations.

An ineffective assistance of counsel claim requires proof the petitioner's attorney provided deficient representation and that the attorney's deficient performance caused the petitioner to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688. Counsel is "strongly presumed to have rendered adequate assistance," and the petitioner must show that counsel failed to act reasonably "considering all the circumstances." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citations and internal quotation marks omitted).

A petitioner also must show any error defense counsel allegedly committed was material. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *see also Hill v. Lockhart*, 474 U.S. 52 (1985) (holding the *Strickland* standard also applies to claims of ineffective assistance of counsel in the plea bargain context).

Rodriguez's primary complaint is that his attorneys were not successful in identifying specific false statements and stale information in the 2009 and 2011 search warrant affidavits. Rodriguez, however, fails to identify any alleged false statements or stale information which his attorneys did not raise, or which was not considered either in my two opinions on the subject or the Sixth Circuit's affirmance of my decisions. *See O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."). Moreover, Rodriguez stated, during his plea hearing, that he had

4

been able to review relevant evidence with his attorneys and that he believed they had provided him with competent advice during their representation of him. (Doc. No. 758 at 46). Without any evidence that counsel's performance was "unreasonable under prevailing professional norms," Rodriguez cannot show his ineffective-assistance claim has merit. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

Rodriguez also argues his sentence should be vacated because one of his attorneys allegedly misled him into believing he could receive a sentence of 35 months in prison, as long as Rodriguez paid his attorney $90,000 or $120,000. (Doc. No. 803 at 13-14; Doc. No. 811 at 12-15). Rodriguez does not offer any evidence to support his accusation.

He also ignores my expressly informing him during his plea hearing that he faced a mandatory minimum of ten years in prison unless he could qualify for the safety valve provision, 18 U.S.C. § 3553(f), which would have provided an exception to the mandatory minimum sentence and lowered his Guideline range to 87 to 108 months.[1] (Doc. No. 758 at 12-13). Garcia stated he had reviewed the requirements of the safety-valve provision with Rodriguez and reiterated those requirements during the hearing. (*Id.* at 14). Further, Rodriguez confirmed, on the record, that he understood he had to meet all of the requirements in order to qualify for the safety valve provision. (*Id.* at 14-15). During the sentencing hearing, Plotkin stated Rodriguez knew about the safety valve provision and that he could "still exercise [it] if he wants to . . . ." (Doc. No. 759 at 12). Rodriguez did not do so.

Moreover, during his plea hearing, Rodriguez stated no one had promised him anything to convince him to enter into the conditional plea agreement or made any promises about what sentence he would receive after pleading guilty. (Doc. No. 758 at 37). When given the chance to

---

[1] Amendments to the Sentencing Guidelines which took effect after Rodriguez pled guilty but before he was sentenced would have lowered his sentencing range to 70 to 87 months, if he had qualified for the safety-valve provision. (Doc. No. 759 at 3-4).

5

...

raise any additional matters after I announced his 132-month sentence, Rodriguez made no mention of his purported expectation that he would receive 35 months. (Doc. No. 759 at 22-24).

Even if Rodriguez's accusations were true – a premise that is extremely doubtful in light of Rodriguez's failure to point to any evidence in support of them – those accusations are insufficient to amount to prejudice. *Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir. 1992) (The "alleged misrepresentations of [defendant's] attorney regarding conditions of [a] plea agreement did not render [the] plea constitutionally involuntary where [the] court specifically told defendant on record that said information was incorrect.") (citation omitted); *Garnica v. United States*, 361 F. Supp. 2d 724, 737 (E.D. Tenn. 2005) (Defendant was not prejudiced by defense counsel's purported promises regarding sentencing where the trial judge made clear the judge would determine the defendant's sentence and the defendant was on notice of the applicable mandatory minimum sentence.). Rodriguez's claim that he pled guilty because he anticipated he would receive a sentence of 35 months in prison "cannot be accepted as true because [it is] contradicted by the record." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

Rodriguez's complaints about his attorney's advice that Rodriguez enter a conditional guilty plea fare no better. Rodriguez acknowledged he understood he was waiving his right to appeal any issues other than his Fourth Amendment suppression claim, and that he was waiving his right to go to trial if his limited appeal based upon his conditional plea was unsuccessful. (Doc. No. 758 at 6-7, 17-18).

Rodriguez began feeling unwell during his plea hearing. I adjourned that hearing so he could be examined by the nurse at the Lucas County Corrections Center, located next door to the courthouse. (Doc. No. 758 at 21-24). Rodriguez, who has diabetes, had a high blood sugar level and complained of a headache. The nurse gave Rodriguez his prescribed medication for his blood sugar and checked his vital signs, which came back normal. (*Id.* at 24-26). Rodriguez spoke with his

lawyers, and I made clear to him that he was not required to continue entering his plea simply because the plea hearing had begun. (*Id.* at 27-30). Rodriguez stated that neither his elevated blood sugar nor his headache was interfering with his ability to understand what was happening during the court proceedings or to make decisions. (*Id.* at 30). He then again confirmed he understood he would be able to present only his Fourth Amendment claim on appeal. (*Id.* at 36-37).

As the government notes, the evidence against Rodriguez and his co-defendants was strong. None of the defendants chose to go to trial. Nor did any of the other defendants reserve a limited appeal right before pleading guilty, like Rodriguez did. Moreover, Rodriguez did not attempt to withdraw his conditional guilty plea after obtaining new counsel. Rodriguez fails to show his plea was involuntary or that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (citation omitted).

Rodriguez also argues his attorney was ineffective for failing to object to the upward variance of 12 months above the mandatory minimum sentence. (Doc. No. 803 at 18-20; Doc. No. 811 at 15-21). I imposed a sentence of 132 months, 12 months above the 120 mandatory-minimum, as a result of written and oral statements Rodriguez made after his arrest which were threatening toward the agents working on the case. (Doc. No. 759 at 16-17); (*see also* Doc. No. 545 at 7-9).

A "district court may consider 'uncharged or dismissed conduct for sentencing purposes by making findings based upon a preponderance of the evidence before it, so long as the court understands that the Guidelines are advisory only, and it does not rely upon judge-found facts to impose a sentence above the statutory maximum.'" *United States v. Worex*, 420 F. App'x 546, 550 (6th Cir. 2011) (quoting *United States v. McCormick,* 401 F. App'x 29, 34 (6th Cir.2010)). Rodriguez's attorney was not ineffective in failing to object to the 12-month variance because the record in this case established it was more likely than not that Rodriguez made the threatening statements and,

7

therefore, he cannot show there is a reasonable probability that the result of the sentencing hearing would have been any different if counsel had objected. *See Strickland*, 466 U.S. at 694.

Lastly, Rodriguez argues his attorneys were ineffective because they failed to argue his rights under the Speedy Trial Act, 18 U.S.C. § 3161(c), were violated because he was not brought to trial within 70 days of the date of his arrest, after accounting for properly-excludable days. (Doc. No. 803 at 16-17). Rodriguez's argument is not persuasive. He fails to acknowledge that the speedy trial clock never began to run for three of his co-defendants who remain fugitives, *United States v. Clark*, No. 05-CR-80810, 2006 WL 2008519 (E.D. Mich. July 12, 2006), or time excluded as to one defendant applies to all co-defendants. *United States v. Monroe*, 833 F.2d 95, 100 (6th Cir. 1987). Further, Rodriguez never moved to sever his trial from his co-defendants and fails to identify any prejudice which might have suffered due to the delays attributable to the nature of a 28-defendant drug conspiracy case. *Id.*

Rodriguez fails to show his sentence was imposed in violation of the Constitution or federal law. Therefore, I conclude he is not entitled to relief under § 2255.

### IV. CONCLUSION

For the reasons stated above, I deny Rodriguez's § 2255 application. (Doc. No. 803).

So Ordered.

                                                  s/ Jeffrey J. Helmick
                                                  United States District Judge